IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher Lewis, | ) |
| | ) |
| Petitioner, | ) |
| | ) Civil Action No. 0:20-862-BHH |
| v. | ) |
| | ) **ORDER** |
| Warden Bryan K. Dobbs, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

This matter is before the Court upon Christopher Lewis's ("Petitioner") petition for habeas corpus, filed pursuant to 28 U.S.C. § 2241. On October 7, 2020, Magistrate Judge Paige J. Gossett issued a Report and Recommendation ("Report") in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). In her Report, the Magistrate Judge recommended that the Court dismiss Petitioner's § 2241 petition without prejudice for lack of jurisdiction and find moot Respondent's motion for summary judgment. Both Petitioner and Respondent filed objections to the Magistrate Judge's Report, and the matter is ripe for review.

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## DISCUSSION

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)).  However, § 2255 contains a "savings clause" that allows federal prisoners to proceed under § 2241 when a motion under § 2255 would prove "inadequate or ineffective" to test the legality of the detention.[1] *In re Vial*, 115 F.3d at 1194.  Importantly, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision . . . or because an individual is procedurally barred from filing a § 2255 motion . . . ." *Id.* at n. 5.

In *In re Jones*, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit explained that to meet the savings clause under § 2255 and proceed under § 2241 when contesting the underlying validity of a criminal conviction, a petitioner must show that:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed to be non-criminal; and (3) the prisoner is unable to meet the gatekeeping provisions of § 2255[2] because the new rule is not one of constitutional law.

---

[1] The "savings clause" states:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

[2] The "gatekeeping provisions" in § 2255(h) provides:

A second or successive motion must be certified as provided in section 2244 by a panel of

226 F.3d at 333-34.

In her Report, the Magistrate Judge outlined the relevant background including Petitioner's previous motion filed pursuant to 28 U.S.C. § 2255. Next, the Magistrate Judge reviewed Petitioner's instant claims to determine whether they satisfy the "savings clause" set forth in § 2255.

First, the Magistrate Judge found that Petitioner's claim stemming from the United States Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), fails to satisfy the third prong of the *In re Jones* test because *Davis* presents a new rule of constitutional law made retroactive on collateral review. In his objections to the Magistrate Judge's Report, Petitioner concedes that his *Davis* claim is not cognizable under § 2241, and the Court agrees with the Magistrate Judge's analysis and adopts this portion of the Magistrate Judge's Report. (*See* ECF Nos. 39 at 6 and 42 at 1-2.)

Second, in her Report, the Magistrate Judge found that Petitioner's claim stemming from the United States Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), fails to satisfy the second half of the second prong of the *In re Jones* test–which asks whether the substantive change in law rendered the conduct of which Petitioner was convicted non-criminal. The Magistrate Judge explained: "Petitioner's allegations do not suggest that *Rehaif* rendered his possession of a firearm not criminal,

---

the appropriate court of appeals to contain–

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable.

28 U.S.C. § 2255(h).

and therefore do not properly invoke the court's jurisdiction under § 2241." (ECF No. 39 at 8 (citing cases).)

Both Petitioner and Respondent object to this portion of the Magistrate Judge's Report. Specifically, Petitioner asserts that his plea agreement never addressed what he knew about his prohibited status and that the Rule 11 colloquy only included the facts from his plea agreement. Accordingly, Petitioner asserts that he did not admit a necessary element of the charge and was convicted without admitting that he knew of his status as a felon when he had a firearm. (ECF No. 42 at 3.)

Similarly, Respondent objects by asserting that the conduct of which Lewis was convicted is no longer sufficient to be deemed criminal because Lewis was not charged with an essential element of the crime, namely, contemporaneous knowledge of his felony status. Thus, Respondent urges the Court to reject the Magistrate Judge's finding that the Court lacks jurisdiction of Petitioner's *Rehaif* claim, and instead deny relief on the merits. Specifically, Respondent argues that Lewis cannot show that any *Rehaif* error in his indictment or plea colloquy had a substantial or injurious effect on the outcome of his case because Lewis's substantial history of felony convictions and prior terms of imprisonment–which were outlined in the presentence report and not objected to by Lewis–make it entirely implausible that Lewis was unaware of his felony status when he possessed the firearm.

Here, Petitioner was convicted in the Eleventh Circuit, and thus, the Court looks to Eleventh Circuit substantive law in evaluating whether Petitioner's *Rehaif* claim satisfies the savings clause. The applicable procedural law, however, is that of the Fourth Circuit. *Hahn v. Moseley*, 931 F.3d 295 (4th Cir. 2019) ("In evaluating substantive claims under the

4

savings clause . . . we look to the substantive law of the circuit where a defendant was convicted.") (citing *In re Davenport*, 147 F.3d 605, 611-12 (7th Cir. 1998); *see also Eames v. Jones*, 793 F. Supp. 2d 747, 750 (E.D.N.C. 2011)).

The Eleventh Circuit has explained that *Rehaif* "did not announce a 'new rule of constitutional law,' but, instead, clarified that, in prosecuting an individual under 18 U.S.C. § 922(g) and 18. U.S.C. § 924(a)(2)–which provides that anyone who 'knowingly violates' § 922(g) can be imprisoned for up to 10 years–the government must prove that the defendant knew he violated each of the material elements of § 922(g)." *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) (citing *Rehaif*, 139 S. Ct. at 2195-96); see also *In re Wright*, 942 F.3d 1063, 1064-65 (11th Cir. 2019) (stating *Rehaif* "clarified the requirements for prosecuting an individual under 18 U.S.C. §§ 922(g) and 924(a)(2)"). Courts in the Eleventh Circuit have not directly addressed, in the context of a § 2241 petition, whether *Rehaif* changed the substantive law such that the conduct of which the prisoner was convicted was deemed non-criminal. This appears to be a result of the Eleventh Circuit's limited application of the savings clause to § 2241 petitions. *See, e.g., McCarthan v. Director of Goodwill Industries-Suncoast, Inc.*, 851 F.3d 1076, 1086, 1090 (11th Cir. 2017); *Tannehill v. Romero*, No. 1:19-524-MHH-JHE, 2020 WL 58458 (N.D. Ala. Jan. 6, 2020).

Here, unlike the petitioner in *Rehaif*, who proceeded to trial and was convicted of violating 18 U.S.C. § 922(c), Petitioner pleaded guilty. "Post *Rehaif*, '[c]ourts considering § 2255 motions have declined to vacate a criminal defendant's sentence when he has pleaded guilty to the offense." *Allen v. Dobbs*, No. CV 1:20-321-HMH-SVH, 2020 WL 907513, at *4 (D.S.C. Jan. 31, 2020) (quoting *United States v. Bain*, No. 5:18-029-KKC-MAS-1, 2020 WL 406682, at *2 (E.D. Ky. Jan. 7, 2020)), adopted by 2020

5

WL 901407 (D.S.C. Feb. 25, 2020); *see also Capalbo v. Antonelli*, No. 1:19-1946-TMC-SVH, 2020 WL 4588406 (D.S.C. March 30, 2020) (quoting the same).  This is because *Rehaif* concerns the government's burden of proof at trial; specifically, the government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to a category of persons barred from possession.  When a defendant pleads guilty, however, and does not go to trial, he relieves the government of its burden, making *Rehaif's* holding irrelevant.  *See Allen*, 2020 WL 907513, at *4 ("While *Rehaif* dissects the requirements to sustain a jury conviction under § 922(g), because Petitioner pleaded guilty [ ] this contention is moot." (internal citation omitted)); *Thompson*, 2019 WL 5727976, at *4 ("Because movant plead[ed] guilty to the one-count indictment and his case never went to trial, the burden of proof for the government had the case gone to trial, is irrelevant.").  Thus, under this line of reasoning, Petitioner fails to meet the second prong of the *In re Jones* test, and the instant petition is subject to dismissal for lack of jurisdiction.

Moreover, the Court notes that to the extent the government retains a burden to prove the elements of a § 922(g) violation in the context of a guilty plea, Petitioner does not argue that he was unaware he had prior felony convictions.  *See Capalbo*, 2020 WL 3496641 (finding that a § 2241 petitioner's conduct continued to be criminal under § 922(g) even after *Rehaif* where the petitioner did not argue he had no knowledge of his status as a felon and where evidence established his knowledge).  Rather, Petitioner merely asserts that he "did not *admit* to a necessary element of the charge: contemporaneous knowledge of his felony status."  (ECF No. 42 at 5 (emphasis added).)  Ultimately, the Court believes that the government met its burden, as it is wholly inconceivable that Petitioner did not know of his prohibited status when he possessed the firearm in 2014, in light of the

6

substantial criminal history and prior terms of imprisonment which were thoroughly outlined in his pre-sentence report and to which Petitioner did not object. Thus, the Court agrees with the Magistrate Judge that Petitioner's conduct continued to be criminal following *Rehaif*, and under this line of reasoning, Petitioner again fails to meet the second prong of the *In re Jones* test.

Nevertheless, to the extent this Court is wrong and Petitioner can satisfy the savings clause, thereby giving this Court has jurisdiction to consider Petitioner's *Rehaif* claim, the Court also agrees with Respondent that Lewis cannot show that the omission of the knowledge-of-status element from his indictment and plea agreement prejudiced him or otherwise had a substantial or injurious effect on the outcome of his case. *See*, *e.g.*, *United States v. McLellan*, 958 F.3d 1110, 1119 (11th Cir. 2020) (citing *United States v. Reed*, 941 F/3d 1018, 1022 (11th Cir. 2019) (finding that "where the record clearly demonstrates that it would be implausible for the defendant to not have been aware of his felony status, a *Rehaif* error does not affect his substantial rights"). As the government points out in its motion for summary judgment, and as explained above, Lewis's presentence report shows that he was sentenced to more than one year in prison several times before he possessed a firearm in 2014, and he cannot credibly argue that he was unaware that he had been convicted of at least one crime punishable by imprisonment for a term exceeding one year when he possessed the firearm in 2014. Accordingly, to the extent the Court does have jurisdiction to consider Petitioner's *Rehaif* claim, the Court agrees with Respondent that it fails on the merits.

## **CONCLUSION**

Based on the foregoing, the Court agrees with the Magistrate Judge that this matter

is subject to dismissal for lack of jurisdiction. Accordingly, the Court adopts the Magistrate Judge's Report (ECF No. 39) and overrules Petitioner's objections (ECF No. 42) and Respondent's objections (ECF No. 41).[3] As a result, this action is dismissed without prejudice for lack of jurisdiction.

**AND IT IS SO ORDERED.**

/s/Bruce H. Hendricks<br>The Honorable Bruce H. Hendricks<br>United States District Judge

February 3, 2021
Charleston, South Carolina

******

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that any right to appeal this order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[3] As explained in more detail above, however, to the extent the Court does have jurisdiction to consider Petitioner's *Rehaif* claim, the Court agrees with Respondent that the claim fails on the merits.